DECISION AND JUDGMENT
{¶ 1} Wayne Lumber Company, Inc. ("Wayne Lumber"), appellant, appeals the judgment of the Wood County Court of Common Pleas, which granted summary judgment in favor of First Place Bank, appellee, in an action for foreclosure and marshalling of liens.
 {¶ 2} First Place Bank filed the action in foreclosure against BVP Construction ("BVP"). BVP executed a promissory note to First Place Bank and secured the note with *Page 2 
a mortgage on its real property. Wayne Lumber was joined as a defendant by virtue of its mortgage against the property. Both Wayne Lumber and First Place Bank argued, on First Place Bank's motion for summary judgment, that their mortgage had priority.
 {¶ 3} The trial court found no issue of fact as to whether First Place Bank had a validly executed mortgage. It further found that First Place Bank's mortgage was prior to Wayne Lumber's mortgage and second only to the Wood County Treasurer's tax lien. It ordered foreclosure and sale of the property, with proceeds paid to, inter alia, the Wood Country Treasurer, First Place Bank, and Wayne Lumber, in that order.
 {¶ 4} Pursuant to 6th Dist. Loc. App. R. 12(A), we sua sponte place this matter on the accelerated docket, and affirm the trial court's judgment.
 {¶ 5} In its two assignments of error, Wayne Lumber argues that the promissory note and mortgage from BVP to First Place Bank were defectively executed and/or defectively acknowledged. The promissory note and mortgage were signed by James R. Parritt and Blake V. Parritt, as members of BVP.
 {¶ 6} In support, Wayne Lumber points to the deposition testimony of James R. Parritt. James R. Parritt testified that he was not and had never been a member or officer of BVP, but was nonetheless instructed to sign the promissory note and mortgages to First Place Bank at closing. Wayne Lumber does not directly challenge Blake V. Parritt's authority to sign the promissory note and mortgage for BVP. Indeed, in its answer, Wayne Lumber attached its own note and mortgage from BVP, and both are signed by Blake V. Parritt for BVP. Rather, Wayne Lumber argues that because James R. Parritt *Page 3 
testified that he had no authority to bind BVP, issues of fact are raised as to whether Blake V. Parritt properly bound BVP.
 {¶ 7} We find no merit to this argument. BVP is listed as the borrower on the promissory note and is the sole mortgagor on the mortgage. We agree with the trial court that the undisputed evidence shows that Blake V. Parritt is the owner and authorized representative of BVP. Even accepting James R. Parritt's parol evidence that he lacked authority to bind BVP to the note and mortgage, Wayne Lumber has not rebutted First Place Bank's evidence that Blake V. Parritt validly executed the note and mortgage for BVP. R.C. 1303.41, 1303.42.
 {¶ 8} For the foregoing reasons, appellant's two assignments of error are not well-taken. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 4 
Peter M. Handwork, J., Arlene Singer, J., James R. Sherck, J. concur.
Judge James R. Sherck, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1